566 A.2d 1279

William RICH, Jr., t/d/b/a American Contractors and American Contractors, Inc., a corporation, Petitioners,

v.

COMMONWEALTH of Pennsylvania, DEPARTMENT OF GENERAL SERVICES and Fidelity and Deposit Company of Maryland, a corporation, Respondents.

Commonwealth Court of Pennsylvania.

Argued Oct. 3, 1989.

Decided Dec. 4, 1989.

Reargument Denied Jan. 2, 1990.

John F. Hooper, with him, Thomas J. Schuchert, Schuchert & Sheerer, P.C., Pittsburgh, for petitioners.

M. Shirley Young, Asst. Counsel, with her, John J. Buchy, Chief of Litigation, Harrisburg, and William W. Warren, Jr., Chief Counsel, Scranton, for respondent, Dept. of General Services.

Mary Jane Forbes, McNees, Wallace & Nurick, Harrisburg, Pa., with her, Kenneth I. Jonson, Steptoe & Johnson, Washington, D.C., for respondent, Fidelity and Deposit Company of Maryland.

Before DOYLE, PALLADINO and SMITH, JJ.

PALLADINO, Judge.

Before us are the preliminary objections of Fidelity and Deposit Company of Maryland (F & D) and the Department of General Services (DGS) to a petition seeking a declarato-

ry judgment[1] (petition) filed in our original jurisdiction by William Rich, t/d/b/a American Contractors (American).[2] For the reasons that follow, we dismiss the petition for failing to state a cause of action.

American contracted with DGS to perform construction work on the roof of the Fort Pitt Museum (contract). F & D executed a performance bond (bond) becoming surety for American for this project. After construction began but before the completion of performance of the contract, DGS found that the roof leaked. A letter from H.P. Anderson, Deputy Secretary for Public Works, informed American that it was in default on the contract. American filed this petition.

This court *sua sponte* transferred the case to the Board of Claims, American filed a motion to reconsider, and thereafter this court vacated the order of transfer and ordered the respondents to respond. F & D and DGS each filed preliminary objections.[3]

American's petition, in counts I and II, seeks declaratory judgment "for the purpose of obtaining a full and complete declaration of the rights, duties and obligations of the parties"[4] under the contract and bond. In count III, American alleges that DGS violated American's constitutional right to due process and equal protection. DGS's preliminary objection in the form of a demurrer alleges that American fails to state a cause of action under the Declaratory Judgments Act.

Declaratory relief is not available unless an actual controversy exists, is imminent or inevitable. *Colonial School District v. Romano's School Bus Service, Inc.*, 115

---

1. This action is commenced under the Declaratory Judgments Act, 42 Pa.C.S. §§ 7531–7541.

2. On July 16, 1987, American was incorporated, with William Rich as President, and assumed all the duties of contracts entered into by William Rich.

3. Because we sustain the preliminary objection in the nature of a demurrer, we will not address the other preliminary objections.

4. Petition at 4.

Pa.Commonwealth Ct. 87, 539 A.2d 910 (1988). Declaratory judgment is not appropriate to determine rights in anticipation of events which may never occur; it is an appropriate remedy only where a case presents antagonistic claims indicating imminent and inevitable litigation. *Chester Upland School District v. Commonwealth*, 90 Pa.Commonwealth Ct. 464, 495 A.2d 981 (1985).

■ The facts alleged in the petition[5] in counts I and II that are pertinent to our review are as follows:

28. By letter dated May 17, 1988, D.G.S. notified Rich and ACI [American] that there had been a default by Rich and/or ACI under the Contract.

29. By letter dated May 19, 1988, D.G.S. notified F & D, as surety on the Bond, that American had been declared in default on the Contract. The reason specified therein for such action was that American did not perform work on the Project in accordance with the terms of the Contract and the Specifications.

. . . .

33. Notwithstanding the fact that F & D has never notified Rich or ACI that it considers either to be in default under the Contract, F & D has offered to enter into a contract with D.G.S. pursuant to which F & D, in its capacity as surety for Rich under the Bond, will perform all of the duties and obligations required of Rich under the Contract.

34. F & D has demanded that Rich and/or ACI indemnify it for all expenses that it incurs as a result of the proposed contract between D.G.S. and itself.

. . . .

41. In the event that F & D does enter into a contract with D.G.S., as a result of which F & D performs work on

5. In ruling upon a preliminary objection in the nature of a demurrer the court must accept as true all well-pleaded allegations. *Zemprelli v. Thornburgh*, 73 Pa.Commonwealth Ct. 101, 457 A.2d 1326 (1983). Further, a demurrer will be sustained only when it appears with certainty that the law will permit no recovery under the allegations pleaded. *Id.*

or supplies material to the Project, or in the event that F & D hires others to do the same, neither Rich nor ACI have any duty or obligation, arising from the Contract, Bond or otherwise to exonerate or indemnify F & D for the same.

Examination of the petition reveals no allegations indicating a current, imminent, or inevitable controversy with either DGS or F & D. That DGS and American disagree as to whether American is in default on the contract does not create an actual controversy. There are no allegations of facts that would demonstrate that DGS has taken action to prevent American from completing the contract or is seeking default damages directly from American. American merely alleges that DGS may be negotiating with F & D to cure any alleged default. This is insufficient to allege an actual controversy between American and DGS.

As for F & D, the petition uses conditional language in requesting relief. American merely seeks a declaration to protect it against an action that *may* be filed by F & D *if* F & D enters into a contract with DGS to cure alleged contractual defaults. These events, which could give rise to an actual controversy, have not and may never occur. Therefore, American has failed to state a cause of action against F & D.[6]

■ In count III, American alleges that DGS deprived it of constitutional rights by declaring it in default under the contract. American seeks a declaration that H.P. Anderson arbitrarily and capriciously interfered with American's right to due process and equal protection.

A review of the petition reveals that the only injury American alleges which resulted from the claimed violation of constitutional rights is as follows:

---

**6.** In its preliminary objections, F & D did not allege that American failed to state a cause of action under the Declaratory Judgments Act. However, as the existence of the statement of a case or a controversy is a prerequisite to our exercising jurisdiction over a declaratory judgment action, we raise it *sua sponte.* See *Department of General Services v. Celli–Flynn,* 115 Pa.Commonwealth Ct. 494, 540 A.2d 1365 (1988).

56. Rich and ACI have been informed, believe and, therefore, aver that solely as a result of the foregoing acts and occurrences, they will be unable to obtain bonds backed by surities [sic] qualified to act as such within the Commonwealth of Pennsylvania.

Petition at 19.

This allegation of injury is insufficient to state a cause of action for declaratory judgment. In *Chester*, petitioners for declaratory judgment alleged a violation of due process and equal protection rights. We held that no actual controversy existed when petitioners failed to allege specific substantial harm at the time the declaratory relief was sought.

In the case at bar, American merely asserts that because it was declared in default, it will be unable to obtain surety bonds if it seeks such bonds in the future. There is no allegation that American has been denied a surety bond because of the alleged unconstitutional acts of DGS. American has not alleged specific substantial harm at the time of the petition. Therefore, American has failed to state a cause of action in count III.

Accordingly, we dismiss the petition.

### ORDER

AND NOW, December 4, 1989, the preliminary objection in the nature of a demurrer is sustained and the petition for review in the above-captioned matter is dismissed.

DOYLE, J., dissents.