609 A.2d 909

**PENNSYLVANIA PROTECTION & ADVOCACY, INC., Parent Involved Network of Pennsylvania, Association for Retarded Citizens of Pennsylvania, United Cerebral Palsy of Pennsylvania, Mental Health Association in Pennsylvania, Petitioners,**

v.

**DEPARTMENT OF EDUCATION, Respondent.**

Commonwealth Court of Pennsylvania.

Argued March 3, 1992.

Decided May 20, 1992.

Christina Aborlleile, for petitioners.

Daniel J. Myers, Asst. Counsel, for respondent.

Before PALLADINO and FRIEDMAN, JJ., and LORD, Senior Judge.

PALLADINO, Judge.

Pennsylvania Protection & Advocacy, Inc., Parent Involved Network of Pennsylvania, Association for Retarded Citizens of Pennsylvania, United Cerebral Palsy of Pennsylvania, and Mental Health Association in Pennsylvania (collectively, Petitioners) filed in our original jurisdiction a petition for review in the nature of a declaratory judgment challenging the validity of a January 7, 1991 memorandum issued by the Secretary of the Department of Education (Department).[1] Petitioners now seek summary relief pursuant to Pa.R.A.P. 1532(b).[2]

The pertinent facts are as follows. On January 7, 1991, the Secretary issued a memorandum addressing the class size requirements of the special education regulations set forth in 22 Pa.Code §§ 342.1–.74 (regulations). The regulations were promulgated by the State Board of Education and became

---

1. The Department filed preliminary objections to the petition for review which were sustained in part and overruled in part in a memorandum opinion and order entered by Judge Kelley on September 6, 1991, *Pennsylvania Protection & Advocacy, Inc. v. Department of Education* 148 Pa.Cmwlth. 153, 609 A.2d 909 (1991).

2. Pa.R.A.P. 1532(b) states in pertinent part:
   (b) Summary Relief. At any time after the filing of a petition for review in an appellate or original matter the court may on application enter judgment if the right of the applicant thereto is clear....

effective on July 1, 1990. The regulations set forth class size requirements for special education classrooms, and require school districts and intermediate units to submit special education plans, which comport with the regulations, to the Department each year for approval.

Section 342.42(j) of the regulations contains a chart which specifies the number of exceptional students allowed on a single teacher's roll, and the number of exceptional students permitted in a classroom with the teacher at any one time. The latter category is contained in parenthesis (parenthetical maximums) on the chart, and is the focus of the present dispute.

The portion of the Secretary's memorandum that addresses class size, and to which Petitioners object, is as follows:

> For the 1991–92 year, I am directing that planning for special education class-size proceed within the specified minimums and maximums for such classes but without reference to the number in parenthesis....

In their petition for review, Petitioners alleged the following facts:

> 17. As a result of the January 7, 1991 memorandum, the Pennsylvania Department of Education is approving [3] special education plans from districts and intermediate units that have class enrollments that exceed the class size limits set out in 22 Pa.Code § 342.42(j).
>
> ....
>
> 19. The January 7, 1991 determination will cause direct, immediate, and substantial injury to Petitioners' members in that their special education classes now will be permitted

---

3. The Department states in its brief:
   It is not clear why PP & A [Petitioners] used the phrase "is approving" in its Petition for Review rather than "has approved." The January 7, 1991 memorandum, by its own terms, applied only to the 1991–92 school year plans and 22 Pa.Code § 342.6(d) required that they be approved by the Department on or before March 31, 1991, a deadline that was extended by the Secretary to April 30, 1991.... Thus, by the time the Petition for Review was filed on June 7, 1991, all special education plans affected by the January 7, 1991 memorandum had already been submitted and approved.

to exceed the maximum enrollments set by the State Board of Education.

The Department filed an answer and new matter to the petition for review, specifically denying the above-cited factual allegations.

Initially, we note that the declaratory relief requested by Petitioners in their petition for review is not available unless an actual controversy exists, is imminent or inevitable. *Rich v. Department of General Services*, 130 Pa.Commonwealth Ct. 71, 566 A.2d 1279 (1989). Declaratory judgment is not appropriate to determine rights in anticipation of events which may never occur; it is an appropriate remedy only where a case presents antagonistic claims indicating imminent and inevitable litigation. *Id.*

In the present case, for an actual controversy to exist, the Department must have approved plans for class sizes that were in excess of the parenthetical maximums. If the Department has not approved plans for class sizes in excess of the parenthetical maximums, no injury has occurred,[4] and therefore no actual controversy exists.

In considering Petitioners' application for summary relief now before us, we are mindful that summary relief will only be granted where no material fact is in dispute and where the right to relief is clear. *Cloonan v. Thornburg*, 103 Pa.Commonwealth Ct. 1, 519 A.2d 1040 (1986). Any doubt must be resolved in favor of the non-moving party. *Castle v. Pennsylvania Board of Probation and Parole*, 123 Pa.Commonwealth Ct. 570, 554 A.2d 625, *petition for allowance of appeal denied*, 523 Pa. 650, 567 A.2d 653 (1989).

Petitioners contend that the Department has approved plans for class sizes that were in excess of the parenthetical maximums. Petitioner purports to support this contention with an affidavit from the Director for Exceptional Programs of the Pennsylvania State Education Association. Petitioners'

---

4. We note that although Petitioners allege an injury, they have not demonstrated the harm that has resulted in the Department allegedly approving class sizes in excess of the parenthetical maximums.

affiant alleges that through conversations with special education teachers, she has found that some teachers are being required to teach classes in excess of the maximum class sizes provided for by state regulations.

The Department, on the other hand, denies that it has approved plans for class sizes in excess of the parenthetical maximums. In support, the Department has presented affidavits from the Director of the Bureau of Special Education (Director) and the Chief of the Division of Compliance, Bureau of Special Education (Chief). The Director alleges that he is not aware of any plans that have been approved for class sizes that exceed the parenthetical maximums. The Chief alleges that in cases where the Department determined that class size had exceeded the parenthetical maximums, the Department ordered the school district to reduce the class size to the applicable parenthetical maximum. In one instance, the Chief alleges, where the Department determined that a class had exceeded the parenthetical maximum, the Department ordered the school district to reduce the class size, but did not specifically order the school district to reduce the class size to the applicable parenthetical maximum; however there was no allegation as to whether this particular class, when reduced, exceeded or conformed to the applicable parenthetical maximum.

The above-mentioned affidavits presented by both Petitioner and the Department are nonspecific, unsupported allegations which do not demonstrate whether or not the Department actually approved plans for class sizes in excess of the parenthetical maximums; however, the affidavits do demonstrate that a material fact is in dispute.

Accordingly, the application for summary relief is denied.

## ORDER

AND NOW, May 20, 1992, the application for summary relief in the above-captioned matter is hereby denied.