641 A.2d 661

**Jake and Kathy HAIN, Appellants,**

v.

**The BOARD OF SCHOOL DIRECTORS OF READING SCHOOL DISTRICT, Umberto Tucci, Mark L. Brown, Dr. Eve Kimball, Sonia Allen, Frank Straka, Irene Carson and Nytza I. Rosado–Seda.**

Commonwealth Court of Pennsylvania.

Argued Feb. 2, 1994.

Decided April 19, 1994.

480

John F. Schultz, for appellants.

Dennis Shatto, for appellees.

Before CRAIG, President Judge, DOYLE, and COLINS, McGINLEY, SMITH, PELLEGRINI and KELLEY, JJ.

McGINLEY, Judge.

This is an appeal from an order of the Court of Common Pleas of Berks County (trial court) which sustained the preliminary objections of the Board of School Directors of the

Reading School District (Board), Umberto Tucci, Mark L. Brown., Dr. Eve Kimball, Sonia Allen Frank Straka, Irene Carson, and Nytza Rosado–Seda (collectively, Appellees) and dismissed Jake and Kathy Hain's (collectively, Appellants) complaint. We affirm in part and reverse in part.

On January 25, 1993, the Board held a public meeting of its "committee of the whole". The meeting was attended by Jake Hain, an elected member of the Board, and his wife, Kathy Hain, who attempted to videotape the meeting. Mark L. Brown, a Board member and an appellee in this case, objected to the recording of the meeting and subsequently proposed a resolution to ban videocameras from the meeting room. Appellants reminded the Board that such a resolution contravened the Sunshine Act (Act), Act of July 3, 1986, P.L. 388, 65 P.S. §§ 271–286. After consultation with the Board's solicitor, Thomas M. Binder, who opined that passage of the resolution would violate the Act, the Board nonetheless approved the resolution with Mr. Hain being the only board member to voice a negative vote. When Appellants refused to remove the camera, security guards were called to eject Appellants from the meeting. When Appellants returned and attempted to resume recording, the meeting was adjourned.

On March 29, 1993, Appellants filed a complaint with the trial court alleging a violation of the Act. Appellants sought relief in the form of a judgement of $10,000 plus costs and interest (Appellants' Complaint, Count I; Reproduced Record, R.R. 10a), declaratory relief regarding the resolution against videotaping (Appellants' Complaint, Count II; R.R. 10a), and an injunction requiring the Board to allow all persons to videotape its public meetings (Appellant's Complaint, Count III; R.R. 11a). Appellees filed preliminary objections which alleged in part that Appellants' complaint was barred for failure to bring suit within 30 days as required by section 13 of the Act, 65 P.S. § 283. The trial court sustained Appellees' preliminary objections and dismissed Appellants' complaint. Despite the fact that the trial court dismissed Appellants' complaint for being untimely, it nevertheless determined, on the merits, that Appellants were not entitled to the requested

relief and found that the Board's resolution did not violate the Act. Appellants appeal.

Initially we are asked to resolve whether a party may maintain an action for a declaration of rights under the Act, where the complaint is filed more than 30 days after the meeting occurred during which the alleged violation took place and where the complaining party did not seek to void any action taken at the meeting.

Section 13 of the Act, 65 P.S. § 283, clearly states in part:

> A legal challenge under this act within 30 days from the date of a meeting which is open, or within 30 days from the discovery of any action that occurred at a meeting which is not open at which the act was violated, provided that, in the case of a meeting which was not open, no legal challenge may be commenced more than one year from the date of said meeting....

65 P.S. § 283. Appellants argue that the Act's 30 day requirement only applies to actions which void official business transacted at an unauthorized meeting, but cite no pertinent case law in support of their proposition. Our reading of Section 13 of the Act differs. Section 13 states, "A legal challenge under this act ...". Insofar as Appellants are attempting to legally challenge under the Act the vote of the Board to ban videotaping of Board meetings but failed to institute suit within the required 30 days, we believe Appellants are untimely under Section 13. We affirm the trial court's order in this regard.[1]

Secondly, we are asked to decide whether a court may issue declaratory relief where a party seeks a declaration of a citizen's rights under the Act, rather than a declaration that official business taken at an unauthorized meeting is invalid. Section 15 of the Act, 65 P.S. § 285, specifically gives both the

---

1. Appellants present a number of other issues under the Act. They are as follows: 1) whether courts may enjoin illegal activity under the Act; and 2) whether an injunction and money damages are authorized under the Act. Due to our finding, however, that Appellants have failed to timely initiate a legal challenge under the Act, we need not examine these issues on their merits.

Commonwealth Court and our courts of common pleas jurisdiction to "render declaratory judgements or to enforce this act, by injunction or other remedy deemed appropriate by the court" having original jurisdiction over an action. Further, Section 7532 of the Declaratory Judgments Act, Act of July 9, 1976, P.L. 586, 42 Pa.C.S. § 7532, authorizes a court to issue such a decree. Section 7532 reads as follows:

> Courts of record within their respective jurisdictions, shall have the power to declare rights, status, and other legal relations whether or not further relief is or could be claimed. No action or proceeding shall be open to objection on the ground that a declaratory judgment or decree is prayed for. The declaration may be either affirmative or negative in form and effect, and such declarations shall have the force and effect of a final judgment or decree.

42 Pa.C.S. § 7532.

 "The purpose of the Declaratory Judgments Act is 'to settle and to afford relief from uncertainty and insecurity with respect to rights, status, and other legal relations,' and, to that end, the act 'is to be liberally construed and administered.' " *Fidelity Bank v. Pennsylvania Turnpike Commission,* 498 Pa. 80, 88, 444 A.2d 1154, 1159 (1982) (citing 42 Pa.C.S. § 7541). "Declaratory relief is not available unless an actual controversy exists, is imminent or inevitable." *Rich v. Department of General Services,* 130 Pa.Commonwealth Ct. 71, 73, 566 A.2d 1279, 1280 (1989) (citing *Colonial School District v. Romano's School Bus Service, Inc.,* 115 Pa.Commonwealth Ct. 87, 539 A.2d 910 (1988)). Recognizing that declaratory judgments are not appropriate to determine rights in anticipation of events that may never occur, but are appropriate where there is imminent and inevitable litigation, *Pennsylvania Protection & Advocacy, Inc. v. Department of Education,* 148 Pa.Commonwealth Ct. 153, 609 A.2d 909 (1992), we find that the event in question (attempt to videotape a public meeting of a local agency) is likely to recur particularly in the situation presented, where the Board has voted to ban videotaping the Board's public meetings in direct contradiction of the specific terms of the Act. Declaratory judgment is therefore proper in this case.

Appellants request a declaration of the following: 1) that the Reading School Board is an agency as defined in section 3 of the Act; 2) that a videocamera is a recording device as that term is used in section 11(a) of the Act; and 3) that the Act affords all persons the right to videotape all public meetings of the Reading School Board. (Plaintiffs' Complaint, Count II, R.R. 10a)

Section 3 of the Act, 65 P.S. § 273, defines an agency as among others,

> The body, and all committees thereof authorized by the body to take official action or render advice on matters of agency business, of all the following: ... any board, council, authority or commission of the Commonwealth or any State, municipal, township or school authority, *school board,* school governing body,.... or similar organizations created by or pursuant to a statute which declares in substance that the organization performs, or has for its purpose the performance of, an essential governmental function and through the joint action of its members exercises governmental authority and takes official action....

65 P.S. § 273 (emphasis added). The Reading School Board is obviously an agency for purposes of the Act.

■ Section 11 of the Act, 65 P.S. § 281, states that "a person attending a meeting shall have the right to use recording devices to record all the proceedings." Section 10 of the Act, 65 P.S. § 280, on the other hand, states the following: "Nothing in this act shall prohibit the agency from adopting, by official action, the rules and regulations necessary for the conduct of its meetings and the maintenance of order. The rules and regulations shall not be made to violate the intent of this act." However, Appellees do not allege that a rule prohibiting videotaping of meetings furthers such a purpose.[2] The trial court properly recognized that the Board is empowered under the Act with the authority to promulgate rules

---

**2.** Appellants assert at note 4 of their brief that the Board resolved to allow citizens to videotape its meetings after the lower court reached its

designed to maintain order. We disagree, however, with the trial court's conclusion that a blanket ban on the videotaping of public meetings can further such a purpose without violating the intent of the Act. Because nothing in section 11 of the Act reflects an intent by the legislature not to classify video-cameras as recording devices, but expressly provides that the public has the right to record public meetings, subject to reasonable rules designed to promote an efficient and orderly meeting, we reverse the decision of the trial court which banned videotaping the public meetings of the Board. This matter is remanded to the trial court with instructions to enter declaratory judgment in favor of Appellants consistent with this opinion.

## ORDER

AND NOW, to wit, this 19th day of April, 1994, the order of the Court of Common Pleas of Berks County at No. 1529–93 A.D., dated July 15, 1993, which sustained the preliminary objections of the complaint is affirmed insofar as the trial court denied Appellants' claims for monetary damages and injunctive relief at Counts I and III of the complaint and held that the complaint was untimely under the Sunshine Act. However, the trial court's determination at Count II of the complaint that the Declaratory Judgments Act does not provide a jurisdictional basis for a declaration that Appellants are permitted to record by videotape public meetings of the Board of School Directors is reversed and this matter is remanded to the Court of Common Pleas of Berks County with instructions to enter declaratory judgment in favor of Appellants consistent with this opinion. Jurisdiction is relinquished.

DOYLE, Judge, dissenting.

I respectfully dissent. I would affirm the trial court's order based on the well reasoned opinion of the Honorable Thomas J. Eshelman of the Court of Common Pleas of Berks County.

SMITH, J., joins in this dissent.

conclusion. The record, however, was never updated to reflect this resolution.