J-S79033-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| CEDARBROOK PLAZA, INC., | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| v. | : | |
| | : | |
| STORAGE PARTNERS OF CHELTENHAM, | : | |
| L.P. AND BRUCE MANLEY, | | |
| | : | |
| Appellants | : | No. 282 EDA 2016 |

Appeal from the Order December 14, 2015
in the Court of Common Pleas of Montgomery County,
Civil Division, No(s): 10-15608

BEFORE:  GANTMAN, P.J., MOULTON and MUSMANNO, JJ.

MEMORANDUM BY MUSMANNO, J.:          **FILED FEBRUARY 13, 2017**

Storage Partners of Cheltenham, L.P. ("Storage Partners"), and Bruce Manley (collectively, "Defendants") appeal from the Order of the trial court, which denied Defendants' Motion for Reconsideration of an Order compelling discovery in aid of execution and a Motion for a Protective Order, following the entry of judgment in favor of Cedarbrook Plaza, Inc. ("Cedarbrook").  We quash the appeal.

This suit arises out of Defendants' breach of a commercial lease agreement.  In 2002, Cedarbrook and Defendants entered into a twenty-year lease (the "Lease Agreement"), whereby Storage Partners leased approximately 100,000 square feet of space in Cedarbrook's shopping center in Wyncote, Pennsylvania.  In March 2011, after appropriate Notice of Default, Cedarbrook confessed judgment against Defendants for possession of the property, based upon Defendants' failure to pay rent under the Lease

Agreement. Defendants filed a Petition to Strike/Open the judgment, which the trial court denied.

In the interim, in 2010, Cedarbrook commenced an action against Defendants seeking damages resulting from Defendants' breach of the Lease Agreement. After a bench trial, the trial court found against Defendants, jointly and severally, and awarded Cedarbrook $1,484,077.31, plus interest and costs. Trial Court Opinion, 6/5/15, at 8. The trial court subsequently amended its award of damages to $1,450,880.31, plus fees and costs. *Id.* at 1 n.2. On appeal, this Court affirmed the judgment entered by the trial court. *Cedarbrook Plaza, Inc. v. Storage Partners of Cheltenham, L.P.*, 136 A.3d 1032 (Pa. Super. 2016) (unpublished memorandum).

While that appeal was pending, Cedarbrook filed a Motion to Compel More Complete Answers to Interrogatories and Document Request ("Motion to Compel"), in aid of execution. Defendants filed a response to Cedarbrook's Motion to Compel. On October 21, 2015, the trial court entered an Order granting Cedarbrook's Motion. Trial Court Order, 10/21/15. Defendants did not file an appeal of the trial court's October 21, 2015 Order.

On December 4, 2015, Defendants filed a Motion for Reconsideration of the October 21, 2015 Order, and for the Entry of a Protective Order. Defendants alleged that the trial court's Order required the production of "a massive amount of highly sensitive information belonging to innocent third

parties that [] Manly has no authority to produce to [Cedarbrook,] and the production of which may subject him to liability under certain confidentiality provisions[.]" Motion for Reconsideration at 2. Defendants also argued that the trial court's Order required a burdensome undertaking, and that the information sought was sensitive and confidential. *Id.* On December 14, 2015, the trial court denied Defendants' Motion. Thereafter, Defendants filed the instant appeal, followed by a court-ordered Pa.R.A.P. 1925(b) Concise Statement of matters complained of on appeal.

Defendants present the following claims for our review:

1. Whether the trial court erred in entering the October 21, 2015 Order?

2. Whether the trial court erred in entering the December 14, 2015 Order denying [Defendants'] [M]otion for [R]econsideration?

3. Whether the trial court erred in entering the December 14, 2015 Order denying [Defendants'] [M]otion for a [P]rotective Order?

4. Whether the trial court erred in denying [Defendants'] request for oral argument on the [M]otion for [R]econsideration and for [P]rotective [O]rder[,] and in denying the [M]otion[] less than a week after it was filed?

5. Whether the trial court erred in requiring [] Manley to produce to Cedarbrook a massive amount of highly sensitive and confidential information belonging to approximately fifty (50) non-party and non-debtor entities and individuals, which information: (i) [] Manley has no authority to produce; (ii) the production of which may subject him to liability under certain confidentiality provisions and/or (iii) is completely irrelevant to Cedarbrook's execution efforts against [] Manley?

Brief for Appellants at 5-6.  Before addressing Defendants' claims, we first must determine whether we have jurisdiction over the instant appeal.

An appeal generally does not lie from an order denying reconsideration; but, rather, from the final order which precedes it.  **See Cheathem v. Temple Univers. Hosp.**, 743 A.2d 518, 521 (Pa. Super. 1999) (explaining that an order denying motion for reconsideration is not reviewable on appeal); **In re Merrick's Estate**, 247 A.2d 786, 787 (Pa. 1968) (quashing an appeal from a trial court's order denying reconsideration).  Thus, Defendants cannot appeal from the trial court's December 14, 2015 Order.

The trial court's prior Order, entered on October 21, 2015, constitutes a final, appealable Order, inasmuch as it resolved all claims of all parties.[1]  **See** Pa.R.A.P. 341(b)(1) (providing that a final order is one that "disposes of all claims of all parties").  However, Defendants' present appeal is untimely, as it was not filed within 30 days of the trial court's October 21, 2015 Order.

---

[1] Defendants assert that their request for a protective order may be made at any time, and that the "Pennsylvania Rules of Civil Procedure do not impose a time limit upon the filing of a motion for a protective order."  Brief for Appellants at 18 n.4.  Defendants' assertion is specious.  Defendants objected to the Interrogatories in aid of execution, and the requests for production of documents, claiming that the information and documents were "privileged," "sensitive" or "confidential."  **See** Responses and Objections to Plaintiff's Interrogatories and Document Requests in Aid of Execution, filed 6/16/2015, at 3 *et seq.*  The trial court resolved these claims in its October 21, 2015 Order.  Defendants' Motion for a Protective Order raised no new claim or issue not previously resolved by the trial court in its Motion to Compel.  Thus, Defendants' claims were finally resolved by the trial court's October 21, 2015 Order.

*See* Pa.R.A.P. 903(a) (stating that an appeal must be filed within 30 days after entry of the order); *see also Day v. Civil Service Comm'n of Carlisle*, 931 A.2d 646, 651-52 (Pa. 2007) (recognizing that the timeliness of an appeal implicates the court's jurisdiction). Defendants, having failed to file a timely appeal of that Order, have foreclosed this Court's opportunity to review the merits of their appeal. *See* Pa.R.A.P. 903(a); *Day*, 931 A.2d at 651-52. Because we are without jurisdiction to entertain the instant appeal, we have no recourse but to quash it.

Appeal quashed.

President Judge Gantman joins the memorandum.

Judge Moulton concurs in the result.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 2/13/2017