Thomas L. DAY, Jr., Appellant

v.

CIVIL SERVICE COMMISSION OF the BOROUGH OF CARLISLE and the Borough of Carlisle.

Commonwealth Court of Pennsylvania.

Argued Sept. 12, 2005.

Decided Nov. 18, 2005.

Reconsideration Denied Jan. 6, 2006.

Joseph D. Buckley, Carlisle, for appellant.

Joseph C. Rudolf, Philadelphia, for appellee, Civil Service Commission of the Borough of Carlisle.

BEFORE: COLINS, President Judge, and FRIEDMAN, Judge, and FLAHERTY, Senior Judge.

OPINION BY President Judge COLINS.

We consider the appeal of Thomas J. Day, Jr. (Day) from the order of the Court

of Common Pleas of Cumberland County (trial court) that dismissed Day's appeal of the order of the Civil Service Commission (Commission) of the Borough of Carlisle (Borough) that upheld the Carlisle Borough Council's (Council) termination of Day's employment as a police officer for the Borough. The Borough has filed an application for the award of counsel fees which is to be decided with the merits. We vacate and remand, with instructions.

This matter had its genesis at a meeting of the supervising officers of the Carlisle Police Department (Department) held on January 3, 2002; the stated purpose of that meeting was management training for police supervisors. One subject that was stressed at the meeting by Carlisle Police Chief Stephen L. Margeson (Margeson) was the proper procedure to use to complain about the conduct of other officers. Margeson told the attendees, including Day, that the only acceptable method to lodge a complaint about other officers was to take it through channels and up the chain of command. All attendees at that meeting, including Day, were informed that any conduct that violated that procedure would be considered conduct unbecoming an officer.

According to the record in this matter Day violated that procedure later that month when, in his own words, he "blew up" in the communications room of the Department in front of two subordinates, officers Haggerty and Burns, and his own supervisor, Sergeant Guido. On this occasion Day accused a Detective Smith of holding a gun to his girlfriend's head, falsifying time records, and taking money and/or drugs from an investigation. Day also said that Margeson knew of these occurrences and covered them up. Margeson conducted an investigation into these claims and determined that they were unsubstantiated. Margeson met with Day on

April 24, 2003 to discuss his findings. At that meeting Margeson informed Day, verbally and in a letter handed to him at the meeting, that he was filing formal charges against Day, including the charge of conduct unbecoming an officer, and that any repetition of conduct such as he exhibited in the communications room would result in his termination from the Department.

Three days later, Day attended a meeting of his union, the Carlisle Police Association. After the meeting was adjourned and most of those attending had left, Day stayed behind with three subordinate officers, Patrolmen Parson, Heredia, and Brewbaker. Day then repeated the allegations he had made in the communications room and added the allegation that either a Lt. Pfhal or a Lt. Walters (Walters) had deleted information concerning a citation issued to Walters' son from the Department's computer database, alluding that whoever had made the deletion had engaged in criminal conduct. Patrolman Parson told Walters of the conversation, and Walters told Margeson. Margeson initiated new disciplinary charges against Day based on what Walters told him, and on May 9, 2003, after considering those charges, the Carlisle Borough Council terminated Day's employment. Day appealed his dismissal to the Civil Service Commission of the Borough of Carlisle and, in writing, requested an open hearing; the Commission, after refusing Day's request for an open hearing, affirmed the Council. Day appealed to the trial court; the trial court affirmed the Commission and this appeal followed.

The questions we are asked to determine are 1) whether Day was denied due process where the Commission denied his request for an open hearing; 2) whether Day's statements made in the communications room and after the union meeting are protected speech where Day is a public

employee; 3) whether Day's right to free association was violated where he claims that the statements made after the union meeting had adjourned were protected speech; 4) whether the Commission violated any right Day may have possessed in the way it permitted the admission and consideration of evidence against him; 5) whether Day was prejudiced or his rights were in any way violated where 18 pages of documents were introduced into evidence before the Commission and all parties agreed that those 18 pages were not properly before the Commission and would be disregarded; and 6) whether the Commission erred in allowing the charges lodged against Day to be expanded at the hearing.[1]

█ Day was denied due process when the Commission refused to grant his request for an open hearing of his appeal to the extent that that denial was a violation of the Sunshine Act (Act), 65 Pa.C.S. § 704. Section 704 of Act, provides,

### § 704. Open meetings

Official action and deliberations by a quorum of the members of an agency shall take place at a meeting open to the public unless closed under section 707 (relating to exceptions to open meetings), 708 (relating to executive sessions) or 712 (relating to General Assembly meetings covered).

Section 707 referred to above provides that an agency may hold an executive session pursuant to Section 708, which provides, in pertinent part,

(a) **Purpose.**—An agency may hold an executive session for one or more of the following reasons:

(1) To discuss any matter involving the employment, appointment, termination of employment, terms and conditions of employment, evaluation of performance, promotion or disciplining of any specific prospective public officer or employee or current public officer or employee employed or appointed by the agency, or former public officer or employee, provided, however, that the individual employees or appointees whose rights could be adversely affected may request, in writing, that the matter or matters be discussed at an open meeting. The agency's decision to discuss such matters in executive session shall not serve to adversely affect the due process rights granted by law, including those granted by Title 2 (relating to administrative law and procedure). The provisions of this paragraph shall not apply to any meeting involving the appointment or selection of any person to fill a vacancy in any elected office.

The meeting at which the Commission considered Day's appeal and affirmed his termination was held "[t]o discuss ... the ... termination of employment ... of [a] ... current public officer or employee" who requested an open hearing. His request was denied in violation of 65 Pa.C.S. § 704. The question of Day's termination was discussed and acted upon at a meeting of the Commission that should have been open. That meeting was held in violation of the Act.

█ Having determined that the meeting was held in violation of the Act we exercise the discretion granted to us under Section 713 of the Act[2] and invalidate any

---

1. Our standard of review of proceeding before a municipal civil service commission, where no additional evidence is taken before the trial court, is limited to determining whether constitutional rights, the law, or procedural provisions of the local agency law have been violated or whether the findings of the commission are based upon substantial evidence. *Moorehead v. Civil Service Commission*, 769 A.2d 1233 (Pa.Cmwlth., 2001).

2. Section 713 provides, in pertinent part,

action taken at that meeting in regard to Day, *See Kennedy v. Upper Milford Township Zoning Hearing Board*, 575 Pa. 105, 834 A.2d 1104 (2003), (citing *Ackerman v. Upper Mt. Bethel Township*, 130 Pa. Cmwlth. 254, 567 A.2d 1116 (1989)). In addition, we vacate the orders of the trial court entered in this matter, and we remand this matter to the trial court with instructions to remand it to the Commission with instructions to reconsider Day's appeal of the termination of his employment at an open meeting of that body.

■ We will not address the other issues that have been raised in this appeal as our invalidation of the actions taken at the original closed meeting mean that there is no longer any case or controversy before us and the general rule in our Commonwealth is that our courts may not exercise jurisdiction to decide issues that do not determine the resolution of an actual case or controversy. *Borough of Marcus Hook v. Pennsylvania Municipal Retirement Board*, 720 A.2d 803 (Pa.Cmwlth. 1998) (citations omitted). One fact will aid us in our ultimate consideration of those issues, however, and that is whether Day's union is the established collective bargaining unit for the police officers of the Borough or if it is merely an informal association of those officers. This fact should be part of the record in this matter.

Accordingly, the actions taken by the Commission in regard to the termination of Day's employment at the closed session at which his employment was considered are invalidated, the orders of the trial court in this matter are vacated, and this matter is remanded to the trial court with instructions to remand it to the Commis-

sion with instructions to hold an open hearing on Day's appeal of his termination.

## ORDER

AND NOW, this 18th day of November 2005, the orders of the Court of Common Pleas of Cumberland County in this matter are VACATED, and this matter is REMANDED to the Court of Common Pleas of Cumberland County with instructions to remand it to the Civil Service Commission of the Borough of Carlisle with INSTRUCTIONS to hold an open hearing on Day's appeal of his termination.

Jurisdiction relinquished.

**Business transacted at unauthorized meeting void**

Should the court determine that the meeting did not meet the requirements of this chapter, it may in its discretion find that any or all official action taken at the meeting shall be invalid.