931 A.2d 646

**Thomas L. DAY, Jr., Appellee,**

**v.**

**CIVIL SERVICE COMMISSION OF the BOROUGH OF CARLISLE and the Borough of Carlisle, Appellants.**

Supreme Court of Pennsylvania.

Argued Dec. 6, 2006.

Decided Sept. 26, 2007.

Edward L. Schorpp, Esq., for Borough of Carlisle.

Joseph C. Rudolf, Esq., Philadelphia, for Civil Service Commission of the Bourough of Carlisle.

Robert E. Durrant, Esq., Campbell, Durrant & Beatty, P.C., Pittsburgh, for Pennsylvania League of Cities and Municipalities.

Joseph David Buckley, Esq., Carlisle, for Thomas L. Day, Jr.

BEFORE: CAPPY, C.J., and CASTILLE, SAYLOR, EAKIN, BAER and BALDWIN, JJ.

## OPINION

Justice CASTILLE.

The Civil Service Commission of the Borough of Carlisle ("Commission") and the Borough of Carlisle (collectively "appellants") seek a determination from this Court that Thomas L. Day's closed termination appeal before the Commission did not violate the Sunshine Act ("Sunshine Act" or "Act"), 65 Pa.C.S. §§ 701–716. Appellee, a police officer, was terminated

by the Carlisle Borough Council in 2003 and, thereafter, appellee filed a challenge to the termination with the Commission. Prior to hearing the challenge, the Commission denied a request from appellee that his termination appeal remain open to the public pursuant to the Act. After several days of hearings, the Commission voted to affirm appellee's termination. Appellee then appealed, *inter alia*, the decision of the Commission to hold a closed hearing to the trial court, which affirmed by holding that the Sunshine Act did not speak to Commission hearings. The Commonwealth Court, however, reversed on appellee's further appeal, finding that the Act required the termination hearing to be open. Because appellee failed to timely pursue his claim in accordance with the Act, we now reverse and remand, leaving the question of the Act's applicability to Civil Service Commission termination appeals for another case where the claim is properly presented.

On January 3, 2002, appellee, a corporal with the Carlisle Police Department with fifteen years of service, attended a meeting for police supervisors conducted by Police Chief Stephen L. Margeson. Chief Margeson discussed the proper procedure to make a complaint against a fellow police officer and stated that any complaints made outside the proper channels would be considered conduct unbecoming an officer. In January of 2003, appellee violated this policy when, in front of two subordinates and a superior, he accused a detective of holding a gun to the head of the detective's girlfriend, falsifying time records, and taking money and drugs from an investigation. Appellee also accused Chief Margeson of knowingly covering up these incidents. Chief Margeson investigated these claims, found them to be unsubstantiated, and initiated discipline against appellee on April 24, 2003. Specifically, Chief Margeson told appellee, both verbally and in a letter, that he was filing charges against him and that any repetition of such conduct would result in termination.

Three days later, appellee attended a union meeting for the Carlisle Police Association. During the meeting, appellee requested financial support to defend against the pending discipline, but the request was tabled. After the meeting,

some officers asked appellee the reasons for his pending discipline. Appellee repeated to three additional subordinate officers the allegations he had made earlier. He further accused a police lieutenant of deleting the lieutenant son's name from a police database. The conversation was later repeated to Chief Margeson, who after conducting an internal investigation, initiated disciplinary proceedings against appellee for this separate incident. As a result, appellee was dismissed by the Borough of Carlisle on May 8, 2003.

Appellee appealed his termination to the Commission. Before the start of the Commission's hearings, appellee submitted a written motion for a public hearing, but the request was denied following a vote of the Commission. On March 1, 2004, after conducting six closed hearings, the Commission upheld appellee's dismissal on grounds of disobedience of orders and conduct unbecoming an officer.

On March 29, 2004, appellee appealed to the trial court, which did not take additional evidence. Appellee claimed, *inter alia*, that the Commission had denied him due process and violated the Act in closing his termination hearings to the public. The trial court denied appellee's appeal on February 11, 2005. The trial court determined that appellee's termination was evaluated by the Commission following a series of hearings, as opposed to meetings or discussions, and that the Sunshine Act does not require hearings conducted by the Commission to be open to the public, but rather only meetings "held for the purpose of deliberating agency business or taking of official action." Trial Ct. Slip. Op. at 18. Furthermore, the trial court stated that 53 P.S. § 46191[1] of the Borough Code, to which the Borough of Carlisle is subject, is

---

1. This provision provides, in relevant part, that:

> If the person suspended, removed or reduced in rank shall demand a hearing by the commission, the demand shall be made to the commission. Such person may make written answers to any charges filed against him not later than the day fixed for hearing. The commission shall grant him a hearing which shall be held within a period of ten days from the filing of charges in writing, unless continued by the commission for cause at the request of the council or the accused. At any such hearing, the person against whom the charges are made may be present in person and by counsel. The council may suspend

silent as to whether hearings before a civil service commission should be open or closed to the public. Because appellee alleged misconduct by other members of the Department and the case involved "the inner workings of the Department," the trial court held that it was not an abuse of the Commission's discretion to hold closed hearings. Trial Ct. Slip. Op. at 18.

On appeal, a panel of the Commonwealth Court reversed in a published opinion. *Day v. Civil Service Comm'n of the Borough of Carlisle*, 887 A.2d 793 (Pa.Cmwlth.2005). The court agreed with appellee that he was denied due process "to the extent that the denial was a violation of the Sunshine Act" when the Commission rejected his request for an open hearing. *Id.* at 795. The panel first noted that Section 704 of the Act, 65 Pa.C.S. § 704,[2] provides for open agency meetings. The panel then cited Section 708 of the Act, 65 Pa.C.S. § 708, as permitting an agency to discuss termination of employment in an executive session, but also as allowing an individual who may be adversely affected by the discussion to make a written request for a public hearing.[3] The panel interpreted the right of a potentially adversely affected individual under Section 708

any such person, without pay, pending the determination of the charges against him, but in the event the commission fails to uphold the charges, then the person sought to be suspended, removed or demoted shall be reinstated with full pay for the period during which he was suspended, removed or demoted, and no charges shall be officially recorded against his record. A stenographic record of all testimony taken at such hearings shall be filed with, and preserved by, the commission, which record shall be sealed and not be available for public inspection in the event the charges are dismissed.

53 P.S. § 46191 (footnote omitted).

2. Section 704 provides the following: "Official action and deliberations by a quorum of the members of an agency shall take place at a meeting open to the public unless closed under section 707 (relating to exceptions to open meetings), 708 (relating to executive sessions) or 712 (relating to General Assembly meetings covered)." 65 Pa.C.S. § 704.

3. Section 708 provides, in part, that:

(a) **Purpose.**—An agency may hold an executive session for one or more of the following reasons:

(1) To discuss any matter involving the employment, appointment, termination of employment, terms and conditions of employment, evaluation of performance, promotion or disciplining of any specific prospective public officer or employee or current public officer or employee employed or appointed by the agency, or former public

as mandating a public hearing any time the right is exercised, and that the Commission's denial of appellee's request was in violation of Section 704. Having found a violation of the Act, the panel invalidated the Commission's termination decision pursuant to 65 Pa.C.S. § 713,[4] vacated the trial court's orders, and remanded the case to the trial court with a directive to remand the matter to the Commission with instructions to reconsider appellee's appeal at an open meeting.[5] Because the Commonwealth Court granted appellee relief on his Sunshine Act claim, it did not address his remaining five claims.[6] Neither the Commonwealth Court nor the trial court addressed whether appellee had pursued his Sunshine Act claim in a timely fashion.

Thereafter, appellants filed a petition for allowance of appeal with this Court. We granted review to address the following questions:

> officer or employee, provided, however, that the individual employees or appointees whose rights could be adversely affected may request, in writing, that the matter or matters be discussed at an open meeting. The agency's decision to discuss such matters in executive session shall not serve to adversely affect the due process rights granted by law, including those granted by Title 2 (relating to administrative law and procedure). The provisions of this paragraph shall not apply to any meeting involving the appointment or selection of any person to fill a vacancy in any elected office.
> 65  Pa.C.S. § 708(a)(1).

4. "Should the court determine that the meeting did not meet the requirements of this chapter, it may in its discretion find that any or all official action taken at the meeting shall be invalid." 65 Pa.C.S. § 713.

5. On remand, the Commonwealth Court also noted that the Commission should establish whether appellee's union is the collective bargaining unit for Borough of Carlisle police officers or "merely an informal association of those officers." Day, 887 A.2d at 796.

6. Appellee had also asked the Commonwealth Court to determine: 1) whether the statements he made regarding the police detective and the police lieutenant were protected speech; 2) whether his right to free association was violated where he was disciplined for statements made following a union meeting; 3) whether the Commission violated his rights in the manner it admitted and considered evidence against him; 4) whether he was prejudiced by the admission of "18 pages of documents," despite all parties agreeing that they were not properly before the Commission; and 5) whether the Commission erred in allowing the charges against him to be expanded at the hearing? Day, 887 A.2d at 794–95.

Whether Section 713 of the Sunshine Act, 65 Pa.C.S. § 713, requires that challenges to the closed nature of a hearing be brought within thirty days of the decision that the hearing will not be open to the public?

Whether the Sunshine Act, 65 Pa.C.S. §§ 701–716, requires that a police officer's appeal of his termination before the Civil Service Commission be held at an open meeting upon the request of the officers?

*Day v. Civil Service Comm'n of Carlisle*, 587 Pa. 733, 901 A.2d 500 (2006) (*per curiam* ).

We acknowledge that "[a]ppellate review of an adjudication of a municipal civil service commission is limited to determining whether constitutional rights have been violated, an error of law has been committed[,] or findings of fact necessary to support the adjudication are not supported by substantial evidence." *Lewis v. Civil Service Comm'n of Philadelphia*, 518 Pa. 170, 542 A.2d 519, 522 (1988) (citing 2 Pa.C.S. § 754(b) and *Tegzes v. Township of Bristol*, 504 Pa. 304, 472 A.2d 1386 (1984)). However, in this instance, we review the threshold question of the timeliness of appellee's Sunshine Act appeal to the trial court, as opposed to a decision of the Commission. The timeliness of an appeal is a question of law. *See Commonwealth v. Smith*, 572 Pa. 572, 818 A.2d 494, 498 (2003). Accordingly, our scope of review is plenary and our standard of review is *de novo*. *Commonwealth v. Jones*, 590 Pa. 356, 912 A.2d 815, 816 n. 1 (2006).

Appellants claim that, under Section 713 of the Act, appellee failed to challenge the Commission's decision to hold closed hearings within the mandated thirty days and, therefore, the tribunals below, and this Court, lack jurisdiction to pass on the merits of appellee's Sunshine Act claim. Appellants acknowledge that appellee filed his Sunshine Act appeal within thirty days of the Commission's March 1, 2004 final decision to uphold his termination, but they argue appellee was required to file any Sunshine Act legal challenge with the trial court within thirty days of the Commission's initial decision on July 14, 2003 to deny appellee's request for an open

hearing. Appellants assert that the July 14, 2003 date is the proper date from which to measure the timeliness of appellee's appeal because his procedural objection under the Act was to the closed nature of the proceedings, not to the later substantive decision to uphold his termination. Furthermore, appellants note that appellee's repeated requests for open hearings are of no consequence to the determination of the timeliness of his appeal and that appellee submitted other filings to the trial court while the Commission's proceedings were ongoing. Appellants emphasize that it is beneficial to require a party to file a Sunshine Act contest within thirty days of a Commission vote to hold closed hearings because it allows violations of the Act to be expeditiously remedied. Finally, appellants argue that a timely-filed petition for review of the Commission's merits decision cannot satisfy the time limitations imposed for Sunshine Act challenges.[7]

Appellee counters that his time to dispute the closed nature of the proceedings under the Act did not begin to run until after the Commission rendered its merits decision to uphold his termination. Appellee argues that it would be "absurd" to bring a challenge prior to the Commission's ultimate decision, particularly when the Commission offered no reason for its decision to hold closed proceedings. Appellee asserts that if he were required to appeal every objection on which he was overruled, the proceedings would become unnecessarily protracted. If appellee were a member of the public wishing to challenge closed Commission proceedings, he admits that he would be required to challenge the decision to close the proceedings within thirty days, but he argues that the timeframe should be found to be different for a person who is the subject of the matter before the Commission. Since he filed his appeal and Sunshine Act challenge within thirty days from the date that the Commission rendered its merits decision, appellee contends that the Commonwealth Court had jurisdiction to assess the merits of his claim. Appellee lastly asserts that his petition to the trial court objecting to the closed

7. The Pennsylvania League of Cities and Municipalities filed a brief for *amicus curiae* largely echoing appellants' arguments.

Commission's proceedings was a proper form in which to pursue his contest under the Act.

Preliminarily, we note that appellants' Commonwealth Court brief is devoid of the jurisdictional argument, although appellants did file an application for reconsideration in which they alleged, apparently for the first time, that appellee's Sunshine Act claim was untimely. The timeliness of an appeal involves jurisdiction. *See Sellers v. Workers' Compensation Appeal Board (HMT Constr. Servs., Inc.)*, 552 Pa. 22, 713 A.2d 87, 89 (1998) ("timeliness of an appeal is a jurisdictional issue"); *Robinson v. Commonwealth, Pa. Bd. of Prob. & Parole*, 525 Pa. 505, 582 A.2d 857, 860 (1990) ("[t]ardy filings go to the jurisdiction of the tribunal to entertain a cause"). However, appellee does not argue that appellants waived their claim and, as the question is one of jurisdiction, it is never subject to waiver. *See Commonwealth v. Miller*, 585 Pa. 144, 888 A.2d 624, 629 n. 5 (2005) ("The question of a court's jurisdiction ... is not waivable."). Jurisdictional questions may also be considered *sua sponte*. *See Commonwealth v. Beasley*, 559 Pa. 604, 741 A.2d 1258, 1261 (1999); *Commonwealth v. Yarris*, 557 Pa. 12, 731 A.2d 581, 587 (1999).

The essence of the disagreement between the parties is the proper interpretation of Section 713 of the Sunshine Act. The object of all statutory interpretation is to "ascertain and effectuate the intention of the General Assembly." 1 Pa.C.S. § 1921(a). "When the words of a statute are clear and free from all ambiguity, the letter of it is not to be disregarded under the pretext of pursuing its spirit." *Id.* at § 1921(b). Words and phrases shall be interpreted pursuant to the rules of grammar and in accordance with their common and approved usage. 1 Pa.C.S. § 1903(a). Given that the language of a statute is the best indication of the General Assembly's intentions, there is no need to look beyond the plain meaning of a statute when the words of it are explicit. *See, e.g., Colville v. Allegheny County Ret. Bd.*, 592 Pa. 433, 444–45, 926 A.2d 424, 431 (2007); *McGrory v. Commonwealth, Dep't of Transp.*, 591 Pa. 56, 915 A.2d 1155, 1158 (2007); *Pa. Dep't of*

*Transp., Bureau of Driver Licensing v. Weaver,* 590 Pa. 188, 912 A.2d 259, 264 (2006).

Section 713 of Sunshine Act provides:

**A legal challenge under this chapter shall be filed within 30 days from the date of a meeting which is open, or within 30 days from the discovery of any action that occurred at a meeting which was not open at which this chapter was violated, provided that, in the case of a meeting which was not open, no legal challenge may be commenced more than one year from the date of said meeting.** The court may enjoin any challenged action until a judicial determination of the legality of the meeting at which the action was adopted is reached. Should the court determine that the meeting did not meet the requirements of this chapter, it may in its discretion find that any or all official action taken at the meeting shall be invalid. Should the court determine that the meeting met the requirements of this chapter, all official action taken at the meeting shall be fully effective.

65 Pa.C.S. § 713 (emphasis added).[8] Except for decisions involving state agencies, the courts of common pleas have original jurisdiction of all actions originating under the Act. 65 Pa.C.S. § 715. Although this Court has yet to pass upon the time requirements of Section 713, the Commonwealth Court, consistently with the plain language of the Act, has previously interpreted the provision to require a legal challenge under the Act to be filed within thirty days of the date that an individual becomes aware of a violation of the Act. *See Belitskus v. Hamlin Township,* 764 A.2d 669, 670–71 (Pa.Cmwlth. 2000) (because "alleged 'improper official activity' [occurred at a meeting] which was not open to the public, he was obligated to bring the action within thirty days of his discovery of the alleged improprieties"); *Hain v. Bd. of School Dirs. of Reading Sch. Dist.,* 163 Pa.Cmwlth. 479, 641 A.2d 661, 662 (1994) (appeal filed more than thirty days after vote of School Board to ban videotaping of Board meeting untimely under Sunshine

---

8. On October 15, 1998, the predecessor to Section 713, found at 65 Pa.C.S. § 283, was repealed.

Act when complainant witnessed vote at issue); *Lawrence County v. Brenner,* 135 Pa.Cmwlth. 619, 582 A.2d 79, 82 (1990) ("legal challenges under The Sunshine Act must be brought within thirty days of the complainant's discovery of the occurrence of an impropriety at that meeting which is actionable under the Act").

In this case, appellee submitted a written request to the Commission that it hold open hearings respecting his termination appeal, but the Commission voted to deny his request and notified him of its decision on July 14, 2003. Appellee does not dispute that he was apprised of the Sunshine Act ruling. Over a period of several months, the Commission held six days of hearings concerning appellee's termination and, at each new hearing, denied appellee's renewed request for open hearings. Appellee did not file a legal challenge of the Commission's decision with the trial court at any point during the hearings, but rather waited until after the Commission voted to uphold his termination on March 1, 2004, ultimately filing his Sunshine Act challenge to the closed nature of the proceedings on March 29, 2004, over eight months after the ruling he contested. The appeal appellee filed regarding his claim under the Act was clearly not made "within 30 days from the discovery of **any action** that occurred at a meeting which was not open at which [the Sunshine Act] was violated." 65 Pa.C.S. § 713 (emphasis added). Therefore, we hold that appellee's Sunshine Act challenge was untimely according to the plain language of Section 713 and, consequently, the Commonwealth Court, which granted relief on the claim, did not have jurisdiction to review its merits. *See Sellers,* 713 A.2d at 89; *Robinson,* 582 A.2d at 860.

Although appellee would have this Court interpret "any action" under Section 713 to mean the Commission's ultimate termination decision, such a reading would be unreasonable, if not absurd. The words "any action" clearly encompass a broad array of actions taken by an agency that could arguably violate the Sunshine Act. The plain language of the Act clearly supports this reading, as the Act defines an "official action,"

which certainly is subsumed under "any action," as including a "vote taken by any agency on a motion." 65 Pa.C.S. § 703. Here, appellee's challenge under the Sunshine Act stems from the Commission's July 14, 2003 vote to deny his motion to hold open termination hearings. The Commission's decision on March 1, 2004 to uphold his termination was not the alleged primary violation of the Sunshine Act, making July 14, 2003 the proper date from which to measure the timeliness of appellee's legal challenge under the Act.

Finally, this Court rejects appellee's argument that it is absurd to read Section 713 to require a legal challenge under the Act to be filed before Commission hearings are complete. Sunshine Act challenges are process-oriented, and indicate interests broader in scope than the interests of an individual party. Accordingly, it is more efficient to require a challenge to be filed within thirty days of an agency's initial decision to close proceedings, when the Sunshine Act gives courts power to invalidate agency proceedings that violate the Act. See 65 Pa.C.S. § 713. This construct is particularly salutary in cases such as this one, where the Commission's proceedings occurred over several months and the Commonwealth Court ultimately directed the Commission to hold a new set of hearings. Appellee's further concern that today's decision will result in protracted litigation and piecemeal appeals is unfounded, as the Sunshine Act is limited in scope, addressing only in what circumstances agency hearings must be held open to the public. Moreover, because our holding is commanded by the statute, appellee's policy complaint is more properly directed to the General Assembly.

For the foregoing reasons, we reverse the decision of the Commonwealth Court that the Commission's closed hearings violated appellee's due process rights under the Sunshine Act. We are aware, however, that appellee raised other challenges, which the Commonwealth Court did not reach. We therefore remand this matter to the Commonwealth Court to address appellee's remaining claims.

Former Justice NEWMAN did not participate in the consideration or decision of this case.

Chief Justice CAPPY, Messrs. Justice SAYLOR, EAKIN and BAER and Madame Justice BALDWIN join the opinion.