J. A02038/20

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| RICHARD H. JAMES AND | : | IN THE SUPERIOR COURT OF |
| RICHARD W. JAMES AS AGENT FOR | : | PENNSYLVANIA |
| RICHARD H. JAMES, | : | |
| | : | |
| Appellants | : | |
| | : | |
| v. | : | |
| | : | |
| MARY ANN JAMES, | : | |
| KAREN S. NIEHAUS, | : | |
| RICHARD C. NIEHAUS, | : | |
| WALTER E. THURSTON, | : | |
| CHRISTINE A. THURSTON, | : | |
| RONALD D. SRECNICKI, | : | |
| DENISE H. SRECNICKI, AND | : | No. 1190 WDA 2019 |
| WESTBANCO BANK INC., | : | |
| A WEST VIRGINIA CORPORATION | : | |

Appeal from the Order Entered July 9, 2019,
in the Court of Common Pleas of Allegheny County
Civil Division at No. G.D.-19-004072

BEFORE:  SHOGAN, J., OLSON, J., AND FORD ELLIOTT, P.J.E.

MEMORANDUM BY FORD ELLIOTT, P.J.E.                **FILED APRIL 6, 2020**

Richard H. James ("Father") and Richard W. James, as agent for Richard H. James (collectively, "appellants"), appeal from the July 9, 2019 order entered in the Court of Common Pleas of Allegheny County that granted the motion to strike the first amended complaint filed by Mary Ann James ("James") and joined by Karen S. Niehaus and Richard C. Niehaus (the "Niehauses").  The order granting the motion to strike resulted in the dismissal, with prejudice, of the amended complaint filed against James, the

Niehauses, Walter E. Thurston and Christine A. Thurston, Ronald D. Srecnicki and Denise H. Srecnicki (the "Srecnickis"), and WestBanco Bank Inc., a West Virginia corporation (collectively, "appellees"). We quash this appeal.

Because the facts of this case are not germane to this appeal, we will not recite them. With respect to the procedural history, appellants instituted proceedings in this case by filing a complaint on March 19, 2019, alleging appellees financially abused Father, who was alleged to be incapacitated. On April 22, 2019, James and the Niehauses each filed preliminary objections alleging lack of standing. On April 30, 2019, prior to argument, appellants filed a motion to stay the proceedings for reasons not germane to this appeal. In that motion, appellants made certain admissions. The preliminary objections and motion to stay were heard by the Honorable Judith L.A. Friedman, sitting as motions judge. Based on those admissions and admissions in the complaint, Judge Friedman granted the preliminary objections and entered an order on May 10, 2019, that dismissed appellants' complaint against all appellees for want of standing. The order did not state whether the complaint was dismissed with prejudice. Appellants neither filed a motion for reconsideration, nor a request for leave to amend, nor a direct appeal to this court.

Rather, on May 30, 2019, appellants filed a first amended complaint. On June 26, 2019, the Srecnickis filed preliminary objections alleging lack of standing and capacity to sue. On the same date, James filed preliminary

objections and a motion to strike the first amended complaint alleging that appellants violated Judge Friedman's May 10, 2019 order that dismissed the original complaint. The Niehauses joined the motion to strike.

The preliminary objections and motion to strike were argued before the Honorable Patrick M. Connelly, sitting as motions judge. On July 9, 2019, Judge Connelly entered the order granting the motion to strike which dismissed the amended complaint against appellees with prejudice. Appellants filed a timely appeal.

On August 23, 2019, Judge Connelly ordered appellants to file a concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b). Appellants timely complied. On September 25, 2019, Judge Connelly filed a Rule 1925(a) opinion.

On August 28, 2019, this court entered a rule directing appellants to show cause why this appeal should not be dismissed as untimely because of appellants' failure to appeal the May 10, 2019 order that dismissed the original complaint. Appellants filed a timely response. Thereafter, this court discharged the rule to show cause order and advised that the merits panel may revisit the appealability issue.

We address the timeliness of appellants' appeal because this "is a threshold question that implicates this [c]ourt's jurisdiction." ***Riverlife Task Force v. Planning Comm'n of the City of Pittsburgh***, 966 A.2d 551, 556 (Pa. 2009). Untimely filings go to the jurisdiction of this court to entertain a

cause. ***Day v. Civil Service Comm'n of the Borough of Carlisle***, 931 A.2d 646, 652 (Pa. 2007) (citation and quotation marks omitted).

After the filing of preliminary objections, a party has an absolute right to "file an amended pleading as of course within twenty days after service of a copy of preliminary objections." Pa.R.Civ.P. 1028(c)(1). All other amendments are made under Pa.R.Civ.P. 1033, upon "filed consent of the adverse party or by leave of court." Pa.R.Civ.P. 1033(a); ***see also Catanese v. Taormina,*** 263 A.2d 372, 374 (Pa. 1970).

Here, upon receipt of appellees' preliminary objections to the original complaint, appellants did not file an amended complaint within 20 days. When Judge Friedman sustained the preliminary objections and dismissed the complaint, appellants did not seek to amend under Rule 1033. Instead, appellants filed a first amended complaint, without consent or leave of court.

Under 42 Pa.C.S.A. § 5571(b) and Pa.R.A.P. 903(a), notice of appeal to this court must be filed within 30 days after the entry of the order from which the appeal is taken. ***PNC Bank, N.A. v. Unknown Heirs***, 929 A.2d 219, 226 (Pa.Super. 2007). Judge Friedman's order was a final order because it "dispose[d] of all claims and of all parties[.]" Pa.R.A.P. 341(b). Appellants did not appeal from the entry of Judge Friedman's order. Rather, appellants' appealed Judge Connelly's order granting the motion to strike the amended complaint. Here, because appellants failed to appeal Judge Friedman's final

order quashal is appropriate. ***Valley Forge Center Associates v. Rib-It/K.P., Inc.***, 693 A.2d 242, 245 (Pa.Super. 1997) (citations omitted).

Accordingly, we quash this appeal.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 4/6/2020