IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Falls Township,                :
           Appellant        :
                               :
           v.                 :      No. 374 C.D. 2023
                               :      Submitted: July 5, 2024
Buckingham Township Police    :
Department                   :

BEFORE:    HONORABLE RENÉE COHN JUBELIRER, President Judge
                HONORABLE ELLEN CEISLER, Judge
                HONORABLE MARY HANNAH LEAVITT, Senior Judge

OPINION NOT REPORTED

MEMORANDUM OPINION
BY SENIOR JUDGE LEAVITT         FILED: August 29, 2024

       Falls Township appeals an order of the Court of Common Pleas of Bucks County (trial court) dismissing its petition to obtain police body camera footage from the Buckingham Township Police Department (Buckingham Police). The trial court dismissed the petition for the stated reason that it was untimely filed under Act 22 of 2017 (Act 22).[1] After review, we affirm the trial court.

       On September 14, 2022, Falls Township submitted a written request to the Buckingham Police for

> [a]ny and all video and/or audio recordings of a traffic stop or incident that occurred on August 30, 2021 and involved Falls Township Police Officer William Tanner, including but not limited to any body camera or dashboard camera video and/or audio recordings.

Reproduced Record at 34a (R.R. __).

---

[1] Act of July 7, 2017, P.L. 304, No. 22. Act 22 amended Title 42 of the Judicial Code by adding Chapter 67A. It provides an exclusive means to request audio and video recordings created by law enforcement. 42 Pa. C.S. §67A02.

On September 15, 2022, the Buckingham Police denied the request, asserting that the video was exempt from disclosure because it was related to a criminal investigation. In support, the Buckingham Police cited Section 9106(c)(4) of the Criminal History Record Information Act (CHRIA)[2] and Section 708(b)(16)(ii) of the Right-to-Know Law.[3] The denial letter advised Falls Township that it had "a right to appeal this denial of information in writing to Eric Alkon, Bucks County Assistant District Attorney or Timothy W. Lutes, Bucks County Assistant District Attorney, Bucks County District Attorney's Office [(District Attorney)], 100 N. Main Street, Doylestown, PA 18901." R.R. 39a.

On October 6, 2022, Falls Township appealed the denial to the District Attorney. On November 4, 2022, the District Attorney denied the appeal for the stated reason that Act 22, not the Right-to-Know Law, governed the request at issue.

---

[2] 18 Pa. C.S. §9106(c)(4). It states:

> Investigative and treatment information shall not be disseminated to any department, agency or individual unless the department, agency or individual requesting the information is a criminal justice agency which requests the information in connection with its duties, and the request is based upon a name, fingerprints, modus operandi, genetic typing, voice print or other identifying characteristic.

[3] Act of February 14, 2008, P.L. 6, 65 P.S. §67.708(b)(16)(ii). It states:

> **(b) Exceptions.--**Except as provided in subsections (c) and (d), the following are exempt from access by a requester under this act:
> * * * *
>> (16) A record of an agency relating to or resulting in a criminal investigation, including:
>> * * * *
>>> (ii) Investigative materials, notes, correspondence, videos and reports.

*Id*.

Under Act 22, the proper method to challenge the denial was by a petition for review to the court of common pleas.

On December 5, 2022, Falls Township filed a petition for the trial court's review of the Buckingham Police's determination. The petition asserted that the District Attorney did not address either the merits of the Buckingham Police's denial or its appeal thereof. The petition acknowledged that under Act 22, a request for an audio or video recording made by a law enforcement agency must be submitted within 60 days of the recorded event and that Falls Township did not make its request until September 14, 2022, more than a year after the incident of August 30, 2021. *See* 42 Pa. C.S. §67A03(1) (stating that an individual who requests an audio recording or video recording made by a law enforcement agency shall serve a written request "within 60 days of the date when the audio recording or video recording was made"). However, Falls Township asserted that the video was not available for release during the relevant 60-day period because of the District Attorney's investigation of the matter. Falls Township could not make a request for the video until that investigation was concluded.

On December 8, 2022, the trial court issued a rule to show cause why Falls Township was not entitled to relief and directed the Buckingham Police to file an answer to Falls Township's petition for review by January 9, 2023. When the Buckingham Police did not answer by that deadline, Falls Township filed a motion to make the rule absolute.

The trial court held oral argument on March 20, 2023, at which the Buckingham Police did not appear. The hearing transcript recorded the following exchange between the trial court and counsel for Falls Township:

> The Court: Well, you agree that I have to have jurisdiction to be able to [grant the motion to make the rule absolute]; correct?

3

[Counsel for Falls Township]: Yes, Your Honor.

The Court: And you agree that 42 Pa. C.S. [§]67A03 applies here. That's the request for law enforcement audio recordings or video recordings.

[Counsel for Falls Township]: Yes, Your Honor.

The Court: And that requires that the individual requesting audio recording or video recording made by a law enforcement agency has to do so within 60 days of the date when the audio recording or video recording was made?

[Counsel for Falls Township]: I would agree with that, Your Honor.

The Court: And you agree that that [did not] occur in this case; correct?

[Counsel for Falls Township]: That is correct. Our position, Your Honor, is given the active nature of the investigation into the alleged crime, the police department would have denied that request; hence why Falls Township was forced to wait a little bit before issuing that request.

Hearing Transcript, 3/20/2023, at 3 (H.T. __); R.R. 84a.

By order of March 20, 2023, the trial court denied Falls Township's motion to make the rule absolute and dismissed its petition for review under 42 Pa. C.S. §67A06(d)(1) and (2), which allows the trial court to dismiss an Act 22 petition where the request to the law enforcement agency has been made untimely or has insufficiently described the incident that is the subject of the video recording. Falls Township presented its request to the Buckingham Police more than a year after the date on which the video was made and, further, did not identify the time or location of the incident. In addition, the Buckingham Police denied the request on September 15, 2022, but Falls Township did not appeal until December 5, 2022, well past the 30-day deadline set forth in 42 Pa. C.S. §67A06(a)(1). Thus, the trial court concluded that it lacked jurisdiction.

4

Falls Township appealed to this Court.

On appeal,[4] Falls Township raises three issues. First, it argues that the trial court erred in denying the motion to make the rule absolute after the Buckingham Police failed to file an answer to the petition for review. Second, Falls Township argues that the trial court erred in shifting the burden of proof to Falls Township under Section 708(a)(1) of the Right-to-Know Law, 65 P.S. §67.708(a)(1).[5] Rather, the Buckingham Police was required to show that the video recording was exempt from disclosure, and it did not meet this burden because it did not appear at the hearing before the trial court. Finally, Falls Township argues that the trial court erred in dismissing its petition on the basis of issues raised *sua sponte* by the court. In holding the petition to be untimely under Act 22, Falls Township contends, the trial court "was not deciding a jurisdictional issue, but merely formulating an argument on behalf of an absentee party who had shirked its responsibility to defend its denial." Falls Township Brief at 19.

The Buckingham Police has not filed a brief or offered a response in any form.

The principal issue is whether the trial court erred in dismissing the petition for lack of jurisdiction. Failure to timely appeal an administrative agency's decision is a jurisdictional defect that cannot be waived and may be raised *sua sponte*

---

[4] This Court's review determines whether the trial court's findings of fact are supported by substantial evidence, whether the trial court committed an error of law, or whether the trial court has abused its discretion in reaching its decision. *Martinez v. City of Reading Police Department*, 289 A.3d 1136, 1139 n.15 (Pa. Cmwlth. 2023).

[5] It states that "[t]he burden of proving that a record of a Commonwealth agency or local agency is exempt from public access shall be on the Commonwealth agency or local agency receiving a request by a preponderance of the evidence." 65 P.S. §67.708(a)(1).

5

by the trial court.  *Day v. Civil Service Commission of Borough of Carlisle*, 931 A.2d 646, 651-52 (Pa. 2007).

Chapter 67A of the Judicial Code provides the exclusive procedure for citizens to request audio or video recordings made by a law enforcement agency.  It states that the "provisions of this chapter, and *not the act of February 14, 2008 (P.L. 6, No. 3), known as the Right-to-Know Law, shall apply* to any audio recording or video recording made by a law enforcement agency."  42 Pa. C.S. §67A02(a) (emphasis added).  *See also Martinez*, 289 A.3d 1136 (a request for police reports and body camera footage cannot be made under the Right-to-Know Law but only under Act 22).  Further, Section 67A03 provides, as follows:

> (1) *An individual who requests an audio recording or video recording made by a law enforcement agency shall, within 60 days of the date when the audio recording or video recording was made, serve a written request to the individual who is designated as the open-records officer for the law enforcement agency* under section 502 of the act of February 14, 2008 (P.L. 6, No. 3), known as the Right-to-Know Law. Service is effective upon receipt of the written request by the open-records officer from personal delivery or certified mail with proof of service.
>
> (2) The request under paragraph (1) shall specify with particularity the incident or event that is the subject of the audio recording or video recording, including the date, time and location of the incident or event.
>
> (3) The request shall include a statement describing the requester's relationship to the incident or event that is the subject of the audio or video recording.
>
> (4) If the incident or event that is the subject of the audio recording or video recording occurred inside a residence, the request shall identify each individual who was present at the time of the audio recording or video recording unless not known and not reasonably ascertainable.

42 Pa. C.S.§67A03 (emphasis added).

6

Upon receipt of an Act 22 request, the law enforcement agency must provide the recording unless it determines that it contains potential evidence in a criminal matter; that the information relates to an investigation; or that reasonable redaction of the recording would not safeguard the evidence or information. 42 Pa. C.S. §67A04(a). Where a law enforcement agency denies a request for access to an audio or video recording, Act 22 mandates that a petition for judicial review must be filed with the court of common pleas within 30 days of the date of denial.[6] 42 Pa. C.S. §67A06(a)(1). Section 67A06(d) further provides that the common pleas court may dismiss a petition based on the following grounds:

> (1) *the request to the law enforcement agency under section 67A03 or the filing of the petition under subsection (a) is untimely;*
>
> (2) the request to the law enforcement agency failed to describe with sufficient particularity the incident or event that is the subject of the audio recording or video recording, including the date, time and location of the incident or event; or
>
> (3) the petitioner has not complied with the requirements of subsection (b)(1), (2), (3) and (4).

42 Pa. C.S. §67A06(d) (emphasis added).

Here, Falls Township submitted a written request to the Buckingham Police on September 14, 2022, for "[a]ny and all video and/or audio recordings of a

---

[6] The common pleas court may grant the petition if it determines that the petitioner has established two elements by a preponderance of the evidence. First, the petitioner must establish that the denial was not to safeguard criminal evidence or information related to an investigation, and the common pleas court determines that the denial was arbitrary or capricious. Second, the petitioner must establish that "[t]he public interest in disclosure of the audio recording or video recording or the interest of the petitioner outweighs the interests of the Commonwealth, the law enforcement agency or an individual's interest in nondisclosure." 42 Pa. C.S. §67A06(e).

traffic stop or incident that occurred on August 30, 2021 and involved Falls Township Police Officer William Tanner[.]" R.R. 34a. On September 15, 2022, the Buckingham Police denied the request. Falls Township appealed to the District Attorney and was informed that Act 22 governed the instant matter, which requires an appeal to the trial court. On December 5, 2022, Falls Township filed a petition for review in the trial court, which dismissed the petition under Section 67A06(d)(1) and (2). The trial court concluded that it lacked jurisdiction because Falls Township did not timely request the video within 60 days of its recording. *See* 42 Pa. C.S.§67A03(1). Further, Falls Township did not timely appeal the Buckingham Police's decision to the trial court within 30 days of the date of denial. 42 Pa. C.S. §67A06(a)(1).

Falls Township asserts that the Buckingham Police's denial was not based on Act 22 but, rather, Section 708(b)(16)(ii) of the Right-to-Know Law and Section 9106(c)(4) of CHRIA. Further, because the Buckingham Police failed to participate in the proceeding before the trial court, it has waived all issues related to Act 22. The trial court, by considering Act 22, has "formulat[ed] an argument on behalf of an absentee party[.]" Falls Township Brief at 19.

Falls Township's argument is not persuasive. Failure to file a timely appeal of an administrative agency's decision creates a jurisdictional defect, and the trial court may raise the issue of jurisdiction *sua sponte*. *Day*, 931 A.2d at 651-52. At oral argument, the trial court advised Falls Township's counsel that it "ha[s] to have jurisdiction" to consider Falls Township's petition, and Falls Township's untimely request to the Buckingham Police was a ground for summary dismissal under Section 67A06(d). H.T. 3; R.R. 84a. In response, Falls Township's counsel acknowledged that Act 22 governed the instant matter and argued that Falls

8

Township could not submit a request during the 60-day period because the Buckingham Police had not concluded the investigation. H.T. 3; R.R. 84a. Falls Township's counsel contended that the trial court had jurisdiction because the Buckingham Police failed to "renew [its] objection to raise [the] issue that it was untimely." H.T. 6; R.R. 87a. However, Falls Township did not argue that Act 22 was inapposite.

The trial court did not deprive Falls Township's opportunity to be heard on the jurisdiction issue. However, the trial court had no choice but to dismiss the petition on jurisdictional grounds.

Falls Township did not request the video recording from the Buckingham Police within 60 days of the date the recording was made, 42 Pa. C.S. §67A03(1), and Falls Township did not appeal the Buckingham Police's decision to the trial court within 30 days of the date of denial. 42 Pa. C.S. §67A06(a)(1). Because Falls Township did not satisfy the statutory deadlines for requesting the video recording or for appealing its denial, the trial court properly dismissed Falls Township's petition for review as untimely under 42 Pa. C.S. §67A06(d)(1).

We therefore affirm the trial court's March 20, 2023, order.[7]

_____
MARY HANNAH LEAVITT, President Judge Emerita

---

[7] Because we affirm the trial court's decision that it lacked jurisdiction, we need not address the other two issues Falls Township raised on appeal relating to the motion to make rule absolute and burden of proof under the Right-to-Know Law.

9

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Falls Township,                          :
             Appellant       :
                             :
            v.              :     No. 374 C.D. 2023
                             :
Buckingham Township Police               :
Department                               :

## **O R D E R**

AND NOW, this 29th day of August, 2024, the order of the Court of Common Pleas of Bucks County, dated March 20, 2023, in the above-captioned matter, is hereby AFFIRMED.

_____
MARY HANNAH LEAVITT, President Judge Emerita