J-A25020-24

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| HEIDELBERG MATERIALS NORTHEAST, LLC F/K/A HANSON AGGREGATES PENNSYLVANIA, LLC | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| v. | : | |
| BLUE ROCK CONSTRUCTION, INC. | : | No. 875 EDA 2024 |
| Appellant | : | |

Appeal from the Order Entered February 19, 2024
In the Court of Common Pleas of Northampton County Civil Division at
No(s):  C-48-CV-2021-09261

BEFORE:  OLSON, J., DUBOW, J., and SULLIVAN, J.

MEMORANDUM BY DUBOW, J.:                       **FILED APRIL 14, 2025**

Appellant, Blue Rock Construction, Inc. appeals the February 19, 2024 order entered in the Northampton County Court of Common Pleas, granting summary judgment to Appellee, Heidelberg Materials Northeast, LLC, f/k/a Hanson Aggregates Pennsylvania, LLC, in this case brought under the Mechanics' Lien Law of 1963.[1]  After careful consideration, we affirm.

The relevant factual and procedural history is as follows.  Centerpoint Willowbrook, LLC ("Owner") engaged Appellant as the general contractor for a construction project on Owner's real property (the "Project").  Appellant then contracted with Dobrinski Brothers, Inc., which, in turn, subcontracted with

_____

[1] 49 P.S. §§ 1101-1902.

Appellee for labor and materials related to the construction of parking lots and entrance ways on the Project.

On December 8, 2021, Appellee filed a mechanics' lien claim against Owner's property to secure payment of $395,829.89 owed for materials and labor provided by Appellee on the Project. Relevantly, Appellee averred that it last furnished labor and materials for the Project on July 8, 2021, which would render the lien claim timely under the Mechanics' Lien Law.[2]

In January 2022, Appellant and Appellee filed a Joint Stipulation to permit Appellant to intervene and to discharge the lien claim against Owner's property. Importantly, Appellant waived its defenses in the following stipulation:

> [Appellant] stipulates that the amount of the liens accurately represent work performed or materials furnished by [Appellee], the mechanics['] lien is valid, and [sic] waives any defenses.

Joint Stipulation, 1/18/22, at ¶ 8. On January 18, 2022, the court adopted the stipulation. On March 23, 2022, Appellee filed a complaint to enforce the mechanics' lien.

On June 15, 2022, new counsel for Appellant served on Appellee requests for admission seeking to determine whether the lien claim was untimely. Specifically, Appellant contended that the July 8, 2021 invoice relied upon by Appellee to establish the timeliness of the lien did not involve Appellee's work on the Project but was merely an accounting adjustment.

_____

[2] **See** 49 P.S. § 1502(a)(1) (requiring the filing of a lien claim within six months after completion of work).

Appellee responded by invoking the Joint Stipulation in which Appellant agreed that the lien was valid and waived any defenses. Appellant then filed a Motion to Determine the Sufficiency of Plaintiff's Answers to Requests for Admissions.

On September 19, 2022, with its discovery motion pending, Appellant answered Appellee's complaint and asserted affirmative defenses as new matter. Appellee filed preliminary objections in the nature of a demurrer to the new matter based again on the Joint Stipulation.

On October 17, 2022, the court partially granted Appellant's Motion to Determine the Sufficiency of [Appellee's] Answers to Requests for Admission but subsequently granted reconsideration. On June 5, 2023, the trial court denied the previously granted portions of Appellant's discovery motion and sustained Appellee's preliminary objections, dismissing with prejudice Appellant's affirmative defenses. In support of both holdings, the court relied on Appellant's waiver of defenses in the Joint Stipulation, which it recognized was "the law of the case." Order, 6/5/23, at 5 n.5.

On July 21, 2023, Appellee filed a motion for summary judgment, which the court granted on February 19, 2024.[3] Relying on the June 5, 2023 order finding that Appellant waived its defenses, the court opined that permitting Appellant's challenges would "undermine the parties' Joint Stipulation, which would also undermine the very agreement that permitted [Appellant's]

---

[3] President Judge Craig A. Dally issued the October 2022 and the June 2023 orders, while Judge Jennifer T. Sletvold issued the February 2024 order granting summary judgment.

intervention in the first instance."  Order, 2/19/24, at 6 (unpaginated).  The court also rejected Appellant's argument that its issues implicated non-waivable subject matter jurisdiction.

On March 15, 2024, Appellant filed a notice of appeal, and the trial court and Appellant subsequently complied with Pa.R.A.P. 1925.

Appellant raises the following issues on appeal:

1. A trial court abuses its discretion when it exercises judgment that is manifestly unreasonable.  The court denied [Appellant] the opportunity to take discovery relevant to the validity of the Joint Stipulation, the timeliness of a mechanics' lien claim, and the subject matter jurisdiction of the court.  Did the court abuse its discretion in so doing?

2. It is a violation of a party's right to procedural due process for a court not to afford a party with a full opportunity to present evidence.  The court denied [Appellant] any opportunity to challenge i) the validity of [Appellee's] mechanics' lien claim and of an agreement in which [Appellant] purported to waive all defenses thereto; and ii) the subject matter jurisdiction of the court.  Did the court violate [Appellant's] procedural due process rights?

3. Any issue going to the subject matter jurisdiction of the trial [court] cannot be waived by the parties by agreement or stipulation.  In granting [Appellee's] motion for summary judgment, the court found that [Appellant] did not have the ability to challenge the subject matter jurisdiction of the court because [Appellant] waived all defenses to the underlying mechanics' lien claim.  Did the court err in finding that [Appellant] could not challenge the subject matter jurisdiction of the court?

4. A mechanics' lien claim is fatally and incurably defective if it is untimely filed.  There is a genuine issue of material fact concerning when [Appellee] last furnished labor or materials and, thus, whether its Lien Claim was void *ab initio* and unenforceable.  Did the court err in granting [Appellee's] motion for summary judgment under these circumstances?

Appellant's Br. at 5.

- 4 -

This case involves a mechanics' lien claim, which is a statutory remedy, unknown at common law, that permits a contractor or subcontractor to obtain a priority lien on property for labor and materials that the claimant invested in that property. *See Terra Firma Builders, LLC v. King*, 249 A.3d 976, 983 (Pa. 2021); *see also El-Gharbaoui v. Ajayi*, 260 A.3d 944, 961 (Pa. Super. 2021). As mechanics' liens are "extraordinary remedies[,]" "a contractor seeking the benefit of the lien must judiciously adhere to the requirements of the Mechanics' Lien Law in order to secure a valid and enforceable lien." *Terra Firma Builders, LLC*, 249 A.3d at 983 (citation and internal quotation marks omitted).

Appellant's first two issues challenge the portion of the June 5, 2023 order denying Appellant's discovery request. Appellate courts generally review a trial court's discovery rulings for an abuse of discretion. *See McNeil v. Jordan*, 894 A.2d 1260, 1268 (Pa. 2006). "Abuse of discretion occurs if the trial court renders a judgment that is manifestly unreasonable, arbitrary or capricious; that fails to apply the law; or that is motivated by partiality, prejudice, bias or ill-will." *Carlino E. Brandywine, L.P. v. Brandywine Vill. Assocs.*, 260 A.3d 179, 196 (Pa. Super. 2021).

Generally, a "party may obtain discovery regarding any matter, not privileged, which is relevant to the subject matter involved in the pending action[.]" Pa.R.Civ.P. No. 4003.1(a). "Evidence is relevant if: (a) it has any tendency to make a fact more or less probable than it would be without the evidence; and (b) the fact is of consequence in determining the action."

- 5 -

Pa.R.E. 401. Pa.R.Civ.P. 4014 permits a party to "serve upon any other party a written request for the admission . . . of the truth of any matters within the scope" of, *inter alia,* Pa.R.Civ.P. 4003.1.

As noted, the parties' Joint Stipulation is central to the issues in this case. It is well-established that parties may "resolve questions of fact or limit the issues" by stipulation. ***Osial v. Cook***, 803 A.2d 209, 216 (Pa. Super. 2002) (citation omitted). "[C]oncessions made in stipulations are judicial admissions" that a party may not later contradict in the proceeding. ***Tyler v. King***, 496 A.2d 16, 21 (Pa. Super. 1985). "The courts employ a contracts-law analysis to interpret stipulations, so that the intent of the parties is controlling." ***Tindall v. Friedman***, 970 A.2d 1159, 1165 (Pa. Super. 2009) (citation omitted).

* * *

Appellant asserts that the trial court erred in denying its motion seeking discovery relating to the timeliness of the lien claim. Appellant's Br. at 21-26. Appellant maintains that the requested evidence related to the following three claims that it "either did not or could not waive" in the Joint Stipulation: (1) that the "Joint Stipulation itself was invalid under the mutual mistake or unilateral mistake doctrines;" (2) that "the trial court lacked subject matter jurisdiction[;]" and (3) that the lien claim "was incurably defective and void *ab initio*." Appellant's Br. at 23. We address each claim in turn.

First, Appellant contends that the trial court abused its discretion by denying discovery to determine whether "one or both parties were mistaken"

- 6 -

as to when Appellee filed the lien claim and, thus, whether the claim was timely. Appellant's Br. at 24; Appellant's Reply Br. at 1-4.

We find that Appellant waived this claim by failing to cite relevant authority. Appellant provides authority supporting the general principle that a party "can seek to set aside [an] agreement on the grounds of mistake." Appellant's Br. at 24. The caselaw Appellant cites, however, involves mistakes that the party established "by clear, precise[,] and convincing evidence[.]" *Mellish v. Hurlock Neck Duck Club, Inc.*, 886 A.2d 1151, 1159 (Pa. Cmwlth. 2005). Appellant fails to provide authority permitting discovery to search for a potential "mistake" which would contradict the party's prior binding stipulation. We reiterate that the "failure to develop an argument with citation to, and analysis of, relevant authority waives that issue on review." *In re Estate of Schumacher*, 133 A.3d 45, 51 (Pa. Super. 2016); Pa.R.A.P. 2119.

Second, Appellant claims that the trial court abused its discretion in denying discovery to determine the timeliness of the lien claim, which it claims is a non-waivable defense implicating the trial court's subject matter jurisdiction. Appellant's Br. at 24-26; Reply Br. at 5-13. Appellant does not dispute that the trial court had subject matter jurisdiction over Mechanics' Lien Law claims generally. Instead, Appellant argues that the trial court did not have jurisdiction over this lien claim if it was "initiated beyond statutorily prescribed deadlines[.]" Appellant's Br. at 25.

We reject Appellant's claim as it relies on inapplicable precedent. Appellant invokes the established principle that appellate courts do not have jurisdiction to hear the merits of an untimely-filed appeal. *See Day v. Civil Service Commission of Borough of Carlisle*, 931 A.2d 646, 651 (Pa. 2007)); *see also Smithson v. Columbia Gas of PA/NiSource*, 264 A.3d 755, 759 (Pa. Super. 2021). The instant case, however, pertains to an allegedly untimely mechanics' lien claim, not an untimely appeal. Appellant fails to recognize the distinction between the statutorily-proscribed jurisdiction of appellate courts and the broad original jurisdiction of Pennsylvania's courts of common pleas. *See In re Admin. Ord. No. 1-MD-2003*, 936 A.2d 1, 6 (Pa. 2007) (observing that "the courts of common pleas are granted unlimited original jurisdiction in all actions and proceedings not exclusively vested elsewhere" (internal quotation marks and emphasis omitted)). As Appellant fails to set forth an issue implicating the court's subject matter jurisdiction, we agree with the trial court that Appellant waived any related defenses by agreeing to the Joint Stipulation.

Third, Appellant claims that the trial court abused its discretion in denying discovery regarding the timeliness of the lien claim. Appellant's Br. at 25. It argues that an "an untimely-filed lien claim is [] fatally defective[,]" such that it is "void *ab initio* and cannot be enforced, regardless of any agreement between the parties." *Id.* In support, Appellant relies upon *Terra Firma Builders*, *supra*. *Id.*; Reply Br. at 14-17.

As with the prior claims, Appellant's authority is inapt. The Supreme Court in ***Terra Firma Builders*** held that failure to perfect a lien in conformance with the service requirements of Section 1502(a)(2) of the Mechanics' Lien Law resulted in an incurable defect. ***Terra Firma Builders***, 249 A.3d at 984. The Court additionally concluded that the property owners' failure to raise the defect earlier did not result in waiver. ***Id.*** at 985. In so doing, the Court emphasized that the Mechanics' Lien Law expressly provides that the failure to comply with the provision's service requirements "shall be sufficient ground for striking off the claim." ***Id.*** at 983-84 (quoting 49 P.S. § 1502(a)(2)). Appellant, however, invokes Section 1502(a)(1), which requires a claimant to file a lien claim "within six (6) months after the completion of his work[;]" importantly, subsection (a)(1) does not provide for "striking off the claim" as in subsection (a)(2). 49 P.S. § 1502(a)(1). We conclude that Appellant failed to provide authority for its claim that a party cannot waive via stipulation a defense related to the timeliness of the lien claim.

Accordingly, we conclude that the trial court did not abuse its discretion in denying Appellant's discovery motion based upon its waiver of defenses in the Joint Stipulation.

* * *

In its next issue, Appellant invokes the federal and state constitutional rights to due process. Appellant's Br. at 26-28; Reply Br. at 4-5. Appellant asserts that "due process requires that [Appellant] be afforded the opportunity

to test the validity of the Joint Stipulation in the litigation below." Appellant's Br. at 27-28. Beyond general citations to the right to procedural due process, Appellant fails to provide relevant authority supporting its claim that the right to due process equates to a right to challenge its own stipulation. Thus, Appellant waived this issue.

* * *

Appellant's final two issues challenge the trial court's grant of summary judgment to Appellee. "[S]ummary judgment is appropriate only in those cases where the record clearly demonstrates that there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law." **Summers v. Certainteed Corp.**, 997 A.2d 1152, 1159 (Pa. 2010) (citation omitted). Appellate courts review a trial court's grant of summary judgment for "error of law or an abuse of discretion." **Id.** (citation omitted). The trial court's determination of "whether there are no genuine issues as to any material fact presents a question of law, and therefore, on that question our standard of review is *de novo"* and our scope of review is plenary. **Id.** (citation omitted). In evaluating summary judgment motions, courts "must take all facts of record and reasonable inferences therefrom in a light most favorable to the non-moving party." **Id.**

In challenging the grant of summary judgment, Appellant reiterates its claim that an untimely lien claim implicates the trial court's subject matter jurisdiction, a defense which it claims it could not waive via a stipulation. Appellant's Br. at 29. For the reasons set forth above, we reject Appellant's

argument that the untimeliness of a lien claim could negate the trial court's subject matter jurisdiction over a Mechanics' Lien Law claim.

In its final issue, Appellant argues that the trial court erred in granting summary judgment because "a genuine issue of material fact [existed] pertaining to the timeliness of [Appellee's] Lien Claim and, thus, its validity and enforceability." Appellant's Br. at 33; Reply Br. at 14-17. We agree with the trial court's conclusion that Appellant in the Joint Stipulation "intentionally waived any defenses it may have to the underlying mechanics' lien," which would include challenges to the timeliness of the lien. Order, 6/5/23, at 5. In the absence of a preserved defense, the trial court did not err in granting summary judgment.

After consideration of Appellant's issues, we affirm the court's order denying discovery and granting summary judgment to Appellee.

Order affirmed.

Judge Olson and Judge Sullivan concur in result.

Judgment Entered.

_Benjamin D. Kohler_

Benjamin D. Kohler, Esq.
Prothonotary

Date: 4/14/2025